1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TANYA G., | |
| Plaintiff, | Case No. C21-0530-SKV |
| v. | ORDER REVERSING THE COMMISSIONER'S DECISION |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record ("AR"), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1976, has a college degree, and previously worked as a marketing account executive and consultant. AR 217-18. Plaintiff was last gainfully employed in May 2018. AR 186.

In February 2019, Plaintiff applied for benefits, alleging disability as of May 31, 2018. AR 159-60. Plaintiff's application was denied initially and on reconsideration, and Plaintiff

requested a hearing.  AR 94-98, 101-08. After the ALJ conducted a hearing in September 2020 (AR 53-74), the ALJ issued a decision finding Plaintiff not disabled.  AR 34-47.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two**:  Plaintiff has the following severe impairments: post concussive syndrome, vision loss, neurocognitive disorder, depressive disorder, and anxiety disorder.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC")**:  Plaintiff can perform medium work, with additional limitations.  She can frequently climb ramps and stairs.  She cannot climb ladders, ropes, or scaffolds.  She can frequently balance, stoop, kneel, crouch, and crawl. She must avoid concentrated exposure to excessive vibration; pulmonary irritants such as fumes, odors, dusts, and gases; and workplace hazards such as working with dangerous machinery and working at unprotected heights.  She can perform simple, routine tasks, in a routine work environment with simple work-related decisions.  She can have superficial interaction with co-workers and occasional, superficial interaction with the public.  She cannot work in a job that requires more than occasional reading above fifth-grade level.

**Step four**:  Plaintiff cannot perform past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 34-47.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-7.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 5.

//

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

1

**LEGAL STANDARDS**

2

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

3

security benefits when the ALJ's findings are based on harmful legal error or not supported by

4

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir.

5

2005). As a general principle, an ALJ's error may be deemed harmless where it is

6

"inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104,

7

1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to

8

determine whether the error alters the outcome of the case." *Id.*

9

Substantial evidence is "more than a mere scintilla. It means - and means only - such

10

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

11

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d

12

747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving

13

conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v.*

14

*Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record

15

as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

16

Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is

17

susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

18

must be upheld. *Id.*

19

**DISCUSSION**

20

Plaintiff argues the ALJ erred in assessing a treating neurologist's March and August

21

2020 opinions, and in assessing her RFC. The Commissioner argues the ALJ's decision is free

22

of harmful legal error, supported by substantial evidence, and should be affirmed.

23

1    **A.      The ALJ Did Not Err in Discounting Dr. Fishel's Opinions**

2           Mark Fishel, M.D., Plaintiff's treating neurologist, completed forms sent by Plaintiff's

3    private disability insurer asking if she could perform sedentary work.  AR 1134-35, 1161-62.  In

4    March 2020, Dr. Fishel opined that she could not, but opined that she could in August 2020.  *Id*.

5    The ALJ discounted these opinions because they did not purport to describe the most Plaintiff

6    could do, and were therefore less probative as to Plaintiff's RFC.  AR 45.  The ALJ also found

7    that Dr. Fishel did not explain the basis for finding Plaintiff unable to perform sedentary work in

8    March 2020, and such an opinion is inconsistent with the medical record (which describes

9    Plaintiff's normal or only minimal abnormality as to gait, coordination, and balance) as well as

10    Plaintiff's activities (such as walking half a mile, shopping, caring for her preschool-aged son,

11    cooking meals, driving, and completing household chores).  *Id*.  Plaintiff contends that the ALJ

12    erred in discounting Dr. Fishel's opinions, and the Court will consider each argument raised in

13    turn.

14           *1.  Legal Standards*

15           In assessing Plaintiff's 2019 application for benefits, the ALJ is required to articulate the

16    persuasiveness of each medical opinion, specifically with respect to whether the opinions are

17    supported by and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c) 416.920c(a)-(c).

18           The Commissioner argues that the regulations promulgated in 2017 changed the legal

19    standards previously articulated by the U.S. Court of Appeals for the Ninth Circuit.  *See* Dkt. 18

20    at 3-5.  Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing"

21    reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific

22    and legitimate" reasons to reject a contradicted opinion from such doctor.  *Lester v. Chater*, 81

23    F.3d 821, 830–31 (9th Cir. 1995).  The Ninth Circuit has not yet addressed the 2017 regulations

1    in relation to its standards for the review of medical opinions.  It is not, in any event, clear that

2    the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations

3    would differ in any significant respect.  The new regulations still require ALJs to explain their

4    reasoning with specific reference to how they considered the supportability and consistency

5    factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must remain

6    legitimate.  *See Thomas S. v. Comm'r of Social Sec*., No. C20-5083 RAJ, 2020 WL 5494904, at

7    *2 (W.D. Wash. Sept. 11, 2020).  The Court must, moreover, continue to consider whether the

8    ALJ's analysis has the support of substantial evidence.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th

9    Cir. 2020).  With these regulations and considerations in mind, the Court proceeds to its analysis

10   of the medical evidence in this case.

11                     *2.   The ALJ Reasonably Found Dr. Fishel's Opinions Unpersuasive*

12           Plaintiff first argues that the fact that Dr. Fishel's form opinions were solicited by her

13   private disability insurer is immaterial.  Dkt. 17 at 4.  The Court agrees, but finds that the ALJ

14   noted this fact for descriptive purposes rather than as a basis for discounting the opinions.  *See*

15   AR 45.

16           Plaintiff goes on to argue that the ALJ erred in finding Dr. Fishel's opinions to be poorly

17   supported because the opinions were informed by a treating relationship.  Dkt. 17 at 4-5.  Dr.

18   Fishel indeed had a treating relationship with Plaintiff, but he did not point to any findings or

19   evidence derived from that relationship in rendering his opinion.  *See* AR 1134-35, 1161-62.

20   Plaintiff has not shown that the ALJ erred in finding that Dr. Fishel did not provide a rationale to

21   support his conclusions, or in discounting his opinions on this basis.  *See* 20 C.F.R. §

22   404.1520c(c)(1) (explaining that more explained opinions are considered more persuasive).

23

1    Furthermore, the ALJ pointed to some of Dr. Fishel's objective findings (as to Plaintiff's

2   gait, coordination, and balance) as inconsistent with his conclusions, and Plaintiff does not

3   address this part of the ALJ's decision or show that the ALJ erred in finding Dr. Fishel's

4   treatment notes to be inconsistent with his conclusions.  *See* AR 45.  Accordingly, Plaintiff has

5   failed to show that the ALJ erred in discounting Dr. Fishel's opinions as inconsistent with his

6   treatment notes.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to

7   reject an opinion presenting inconsistencies between the opinion and the medical record).

8    Because Plaintiff has failed to show that the ALJ erred in finding that Dr. Fishel's

9   opinions were unsupported and inconsistent with other medical evidence, Plaintiff has not

10   established that the ALJ erred in finding Dr. Fishel's opinions to be unpersuasive.  The Court

11   therefore affirms this portion of the ALJ's decision.

12   **B.      The ALJ Erred in Assessing Plaintiff's Reading Abilities**

13    Examining optometrist Theodore Kadet, O.D., performed *inter alia* ocular motility

14   testing and found that "[t]wo of four visually-based skills critical to reading fluency measures at

15   the 3rd grade performance level", "[o]ne measures at the 5th grade level and the final one at the

16   college level." AR 1167.  Dr. Kadet measured Plaintiff's reading speed, and rated her reading

17   efficiency score as the ninth month of third grade.  *Id*.

18    The ALJ described Dr. Kadet's opinion as finding Plaintiff's reading ability to be limited

19   to the fifth-grade level, and the ALJ stated that she accommodated this limitation in the RFC

20   assessment.  AR 41-42.  Plaintiff argues that the ALJ erred in finding that Dr. Kadet limited

21   Plaintiff to fifth-grade reading, when Dr. Kadet clearly indicated that she was limited to third-

22   grade reading.  Dkt. 17 at 5-6.

23

1      The Court finds that Dr. Kadet's opinion does not clearly define Plaintiff's overall

2  reading ability.  Dr. Kadet summarized variable test results as to reading fluency, reading speed,

3  and reading efficiency, but did not opine as to Plaintiff's overall reading level for purposes of

4  vocational functioning.  *See* AR 1165-70.  Thus, although the ALJ purported to credit the reading

5  limitations established in Dr. Kadet's opinion, there is no clear basis for boiling down Dr.

6  Kadet's report into an opinion that Plaintiff could read at the fifth-grade level.

7      The Commissioner contends that any error in the ALJ's assessment of Dr. Kadet's

8  opinion is harmless because the ALJ identified jobs at step five that require the lowest level of

9  reading abilities as defined in the Dictionary of Occupational Titles ("DOT"), and Dr. Kadet's

10  testing indicates that Plaintiff's reading abilities exceeds that level.  Dkt. 18 at 9-10.  Dr. Kadet's

11  testing does indicate that Plaintiff's reading speed exceeds the reading speed required in the

12  lowest level of reading abilities found in the DOT, but reading speed is not the only

13  characteristic of level-one reading.  *See* DOT, App. C, *available at* 1991 WL 688702 (defining

14  level-one reading as the ability to "[r]ecognize meaning of 2,500 (two- or three-syllable) words.

15  Read at rate of 95-120 words per minute.  Compare similarities and differences between words

16  and between series of numbers.").  The definition also references word recognition ability and

17  the ability to compare similarities and differences between words and between series of numbers,

18  and Dr. Kadet's report does not directly address those abilities.  *Id.*; AR 1165-70.

19      The Court does not have the expertise to determine whether Dr. Kadet's opinion is

20  consistent with the lowest level of reading abilities as defined in the DOT.  The ALJ's summary

21  of Dr. Kadet's opinion likewise appears to stem from her own non-expert attempt to translate

22  clinical testing into functional findings, which is improper.  *See, e.g.*, *Lail v. Kijakazi*, 2021 WL

23  4741431, at *7 (E.D. Cal. Oct. 12, 2021) ("[I]t is well-settled law that an ALJ may not render his

own medical opinion and is not empowered to independently assess clinical findings.").  On remand, the ALJ shall confine the assessment of Dr. Kadet's opinion to the findings contained therein, reassess Plaintiff's reading ability, and reconsider the RFC assessment and subsequent steps of the sequential evaluation as necessary.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ should reassess Plaintiff's reading abilities and Dr. Kadet's opinion, developing the record as necessary.  To the extent necessary, the ALJ should reassess Plaintiff's RFC and revisit the findings at step four and five.

Dated this 3rd day of January, 2022.

S. KATE VAUGHAN
United States Magistrate Judge